IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RICHARD ANTHONY KERR**                                               **PLAINTIFF**

v.                                               **CIVIL ACTION NO. 5:14cv86-DCB-MTP**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**         **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court upon the Plaintiff's failure to comply with several orders and upon receipt of mail returned to the clerk as undeliverable [29]. Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute.

Plaintiff Richard Anthony Kerr, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action on or about October 6, 2014. *See* Complaint [1] at 5. On October 19, 2015, Kerr also filed a habeas petition in this Court. *See Kerr v. Berkebile*, Civil Action No. 5:15cv102-DCB-MTP, Southern District of Mississippi. Mail sent to Kerr was recently returned as undeliverable in his habeas action. *See* Mail Returned [5] in Civil Action No. 5:15cv102. Moreover, the Federal Bureau of Prison website reflects that Kerr was released from custody on October 30, 2015.[1]

The Court issued an order to show cause [28] on December 10, 2015, directing the Plaintiff to file a written statement with the clerk of court on or before December 22, 2015, setting forth why this action should not be dismissed as moot[2] and for failure to update his address. This deadline

---

[1] *See* http://www.bop.gov/inmateloc/.

[2] As Kerr has only requested injunctive relief, a release from custody may render this action moot. *See* Omnibus Order [18]; *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (holding that the transfer of a prisoner out of an allegedly offending institution generally renders his

expired without any response from the Plaintiff, and the copy of the order [28] forwarded to the Plaintiff by mail was returned as undeliverable on December 29, 2015. *See* Mail Returned [29].

This action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, the Plaintiff has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." L.U. Civ. R. 11(a); *see also Wade v. Farmers Ins. Group,* No. 01-20805, 2002 WL 1868133, at *1, n.12 (5th Cir. June 26, 2002) (on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").

The Plaintiff was warned on multiple occasions that his failure to advise the Court of a change of address or to comply with the Court's orders could result in a dismissal of this matter without further notice. *See* Orders [3] [4] [8] [9] [10] [18] [28]. Finally, there has been no activity by the Plaintiff in the instant action since August 24, 2015. *See* Letter [27].

## RECOMMENDATION

As the Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of the undersigned that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after

---

claims for injunctive relief moot).

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 30th day of December, 2015.

s/ Michael T. Parker
United States Magistrate Judge