```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

RICHARD ANTHONY KERR                                      PLAINTIFF

VS.                           CIVIL ACTION NO. 5:14-cv-86(DCB)(MTP)

CORRECTIONS CORPORATION OF AMERICA, ET AL.               DEFENDANTS

              ORDER ADOPTING REPORT AND RECOMMENDATIONS

   This cause is before the Court upon the plaintiff Richard Anthony Kerr ("Kerr")'s failure to comply with several orders; upon receipt of mail returned to the clerk as undeliverable; and upon the Report and Recommendations of Magistrate Judge Michael T. Parker **(docket entry 30)**.  Based on the record in this case and the applicable law, the undersigned finds that this action should be dismissed without prejudice for failure to prosecute.

   Plaintiff Kerr, proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed the instant civil rights action on or about October 6, 2014.  On October 19, 2015, he also filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241.  <u>See</u> <u>Kerr v. Berkebile</u>, Civil Action No. 5:15-cv-102(DCB)(MTP).  Mail sent to Kerr was recently returned as undeliverable in his habeas action.  <u>See</u> docket entries 5 through 7 in cause no. 5:15-cv-102.

   In addition, the Federal Bureau of Prison website reflects that Kerr was released from custody on October 30, 2015.  On December 10, 2015, Magistrate Judge Parker issued an order to show cause (docket entry 28 in this cause), directing Kerr to file a

written statement with the clerk of court on or before December 22, 2015, setting forth why this action should not be dismissed as moot, and for failure to update his address.  The deadline expired without any response from the plaintiff, and the copy of the order forwarded to the plaintiff by mail was returned as undeliverable on December 29, 2015.

Magistrate Judge Parker recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Moreover, the plaintiff has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  L.U.Civ.R. 11(a); see also Wade v. Farmers Ins. Group, 2002 WL 1868133, *1, n.12 (5th Cir. June 26, 2002)(on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").

The plaintiff was warned on multiple occasions that his failure to advise the Court of a change of address or to comply with the Court's orders could result in a dismissal of this matter without further notice.  See Orders at docket entries 3, 4, 8, 9,

19, 18 and 28.  Finally, there has been no activity by the plaintiff in this action since August 24, 2015.

Accordingly, as the Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, the Court orders as follows:

IT IS HEREBY ORDERED that the Report and Recommendations of Magistrate Judge Michael T. Parker **(docket entry 30)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the defendants' motion for summary judgment **(docket entry 21)** is MOOT;

FURTHER ORDERED that this cause is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

A Final Judgment shall issue this day.

SO ORDERED, this the 3rd day of February, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE